UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN A. GUSTAFSON, #194804,

        Petitioner(s),        CASE NUMBER: 01-73692
                                              HONORABLE VICTORIA A. ROBERTS

v.

SHERRY L. BURT,

        Respondent(s).
_____/

**ORDER DENYING PETITIONER'S MOTION IN PART AND REQUESTING
FURTHER BRIEFING ON WHETHER TO GRANT AN EVIDENTIARY HEARING**

**I.    BACKGROUND**

On March 8, 2005, Petitioner, a state inmate at Chippewa Correctional Facility in Kincheloe, Michigan, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. #5). Among other claims, Petitioner alleged he was deprived of effective assistance of counsel when his trial attorney failed to (1) move to suppress a videotape from a Rothbury Wesco store and testimony from two store employees; (2) conduct a proper investigation and hire a private investigator to present a proper defense; (3) move to quash and/or suppress identification by victim Sarah Sayers; (4) obtain letters written by Wendy Kriesel and use them to impeach her testimony at trial; (5) investigate Ms. Kriesel's and Christopher Williams's criminal backgrounds to impeach them at trial; (6) call expert witnesses and obtain testimony from Petitioner's doctors; (7) move to dismiss due to the police's failure to preserve crucial evidence at the crime scene; and (8) offer an opening argument and object to prosecutorial misconduct. The Court

1

denied the Petition on September 24, 2008 (Doc. #24).

Petitioner now moves pursuant to Fed. R. Civ. P. 52(b) and/or 59(e), and E.D. Mich. Local R. 7.1(g) for the Court to alter or amend its Order denying his petition, and grant an evidentiary hearing on his claims of deprivation of effective assistance counsel (Doc. #26).

## II. ANALYSIS

"Whether a motion to amend should be granted or denied is for the District Court to decide, subject to reversal only for abuse of discretion." *Collins v. Byrd*, 510 U.S. 1185 (1994) (Scalia, J., dissenting) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)) (other citations omitted). As this Court noted in *Jones v. Wolfe*,

> The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

No. 03-10102-BC, 2005 U.S. Dist. LEXIS 34173, at *1-2 (E.D. Mich. Dec. 8, 2005).

Petitioner argues that an evidentiary hearing is necessary to properly decide his motion. In *Schriro v. Landrigan*, the Supreme Court explains that

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *See, e.g., Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). Because the deferential standards prescribed by [28 U.S.C.] § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary

2

> hearing is appropriate. *See id.*, at 1287-1288 ("Whether [an applicant's] allegations, if proven, would entitle him to habeas relief is a question governed by [AEDPA]"). *It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.*

127 S. Ct. 1933, 1940 (2007) (footnote omitted) (emphasis added). Thus, the Court must first consider whether an evidentiary hearing would help Petitioner substantiate his ineffective assistance of counsel claims, and then, if established, whether counsel's assistance was so insufficient that it justifies granting habeas relief.

### A. Claims (2), (6), (7) and (8)

The Court reviewed Petitioner's motion and finds that claims (2), (6), (7) and (8) were properly dismissed. Petitioner does not claim the controlling law changed; thus, the issue is whether the Court made a clear error of law, or whether granting the motion would prevent manifest injustice. The answer to both of these questions is no.

First, Petitioner's suggestion that a private investigator could have found material evidence is pure speculation; Petitioner does not indicate what evidence could be found, or how it would affect his case. Similarly, Petitioner cannot argue that counsel should have sought to dismiss the case for failure to preserve crime scene evidence without first explaining what evidence should have been preserved, or how it would have been exculpatory. Here, the record shows there was no "crucial" evidence to preserve, and Petitioner has not shown otherwise. Petitioner also fails to substantiate his allegations that expert or physician testimony could provide additional evidence that was not presented a trial. Finally, Petitioner does not provide any evidence to suggest that his attorney's decision to forego his opening statement was unreasonable, or that prosecutorial misconduct occurred. In any event, the Court is satisfied that, were any

3

evidence to arise in an evidentiary hearing as to claims (2), (6), (7) and (8), it would not justify granting habeas relief.

### B. Claims (1), (3), (4) and (5)

The Court reviewed Petitioner's motion and finds that claims (1), (3), (4) and (5) may raise a question of whether trial counsel's performance met the constitutional standard for effective assistance. However, before ruling on Petitioner's motion, the Court would like to hear from the Government.

### III. CONCLUSION

Petitioner's Motion to Alter or Amend Opinion and Order Denying Petition for Writ of Habeas Corpus is **DENIED** on claims that he was deprived of effective assistance of counsel for failure to (2) conduct a proper investigation and hire a private investigator; (6) obtain testimony from expert witnesses and doctors; (7) dismiss the case for failure to preserve crime scene evidence; and (8) make opening arguments and challenge prosecutorial misconduct.

Concerning Petitioner's claims that his effective assistance of counsel rights were violated for failure to (1) suppress the Rothbury Wesco videotape and employee testimony; (3) suppress evidence of identification by Sarah Sayers; (4) use Wendy Kriesel's letters to impeach her at trial; and (5) impeach Ms. Kriesel and Christopher Williams with their criminal records, the Court **ORDERS** the Government to submit a written response explaining whether the Court properly denied the Petition, and why it should not grant Petitioner's request for an evidentiary hearing.

The Government's response will be due December 8, 2008. If he so chooses,

4

Petitioner may file a written reply to the Government's response by January 7, 2008. The Court will decide whether or not to hold an evidentiary hearing on his remaining ineffective assistance of counsel claims.

    **IT IS ORDERED**.

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: November 6, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 6, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk