UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEAN A. GUSTAFSON, #194804**

        Petitioner(s),        CASE NUMBER: 01-73692
                                      HONORABLE VICTORIA A. ROBERTS

v.

**SHERRY L. BURT,**

        Respondent(s).
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART A CERTIFICATE OF APPEALABILITY

**I. INTRODUCTION**

On September 28, 2001, Petitioner Dean Gustafson, an inmate at the Chippewa Correctional Facility, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §2254. Gustafson is now represented by counsel.

Gustafson appealed the Court's denial of his request for a writ of habeas corpus.

On July 12, 2010, the Sixth Circuit Court of Appeals remanded Gustafson's appeal for the sole purpose of determining whether to grant or deny a certificate of appealability, pursuant to Federal Rules of Appellate Procedure 22(b).

For the following reasons, Gustafson's request for a certificate of appealability is **GRANTED IN PART AND DENIED IN PART**.

**II. BACKGROUND AND PROCEDURAL HISTORY**

The Concession Stand Market in the Village of Shelby was robbed on November 30, 1997.

1

On September 11, 1998, Gustafson was found guilty of: (1) armed robbery, in violation of MCLA §750.529; and (2) possession of a firearm during the commission of a felony, in violation of MCLA §750.227b. He was sentenced to 20-60 years for the armed robbery conviction, and a consecutive two years for the felony firearm conviction.

On September 24, 2008, the Court denied Gustafson's request for a writ of habeas corpus.

On October 14, 2008, Gustafson filed a "Motion to Alter or Amend Opinion and Order and Judgment Denying Petition for Writ of Habeas Corpus (With Protective Notice of Appeal)." However, it was not filed with the Court as a notice of appeal, nor was it docketed as an appeal.

On November 6, 2008, the Court denied Gustafson's claim that he was deprived of effective assistance of counsel for failure to: (1) conduct a proper investigation and hire a private investigator; (2) obtain testimony from expert witnesses and doctors; (3) dismiss the case for failure to preserve crime scene evidence; and (4) make an opening statement and challenge prosecutorial misconduct.

Concerning Gustafson's claim that his right to effective assistance of counsel was violated for failure to: (1) suppress the Rothbury Wesco videotape and employee testimony; (2) suppress evidence of identification by Sarah Sayers; (3) use Wendy Kriesel's letters to impeach her at trial; and (4) impeach Ms. Kriesel and Christopher Williams with their criminal records, the Court ordered additional briefing from the Government, to address the need for an evidentiary hearing. Petitioner replied.

On August 3, 2009, the Court entered an "Order Denying Petitioner's Motion to Alter or Amend Judgment Denying Habeas."

On September 4, 2009, Gustafson filed a Notice of Appeal with respect to the Court's August 3, 2009 Order. On the same day, Gustafson filed a motion to extend the time for filing his Notice of Appeal; and on September 9, 2009, the Court granted Gustafson's extension motion.

The Sixth Circuit entered an Order to Show Cause, why Gustafson's appeal should not have been partially dismissed because of the late notice of appeal. Gustafson responded:

> [T]he appellant was proceeding *pro se* at the time of the judgment; that the appellant had ten days, plus three additional days for mailing in which to file a motion to alter or amend; that counsel filed a timely motion to alter or amend "which included a protective notice of appeal"; that the motion was completely decided on August 3, 2009; that on September 4, 2009, counsel filed a notice of appeal and a motion to extend the time for appealing; and that the district court granted the extension on September 9, 2009. Counsel asserts that his court miscalculated the time for filing the motion to alter or amend brought pursuant to Fed. R. Civ. P. 52 and 69 because this court failed to include the three days for mailing, that the notice of appeal contained in the motion to alter or amend became effective on August 3, 2009, when the district court ruled on the motion, and that the district court granted an extension of time for appealing.

*Gustafson v. Burt*, No: 09-2134 at 1 (6th Cir. Dec. 23, 2009). The Sixth Circuit ruled:

> The district court on September 9, 2009, extended the appeal period to September 4, 2009. Because the motion seeking an extension of time was filed more than thirty days after the time for filing a notice of appeal from the 2008 judgment expired, the district court did not have authority to extend the period for appealing that judgment but could only extend the time for appealing the August 2009 order. *See* Fed. R. App. P. 4(a)(5). Therefore, this court has jurisdiction in appeal No. 09-2134 to review the August 3, 2009, order denying the untimely motion to alter or amend. *See* Fed. R. App. P. 4(a)(1), 4(a)(5) and 26(a).
>
> Accordingly, it is ordered that the show cause order entered in appeal No. 09-2134 in which the appellant was appealing the August 3, 2009, order is withdrawn. It is further ordered that the district court correct its docket sheet by indicating that the October 14, 2008, motion was also a notice of appeal from the September 24, 2008, judgment. *See* Fed. R. App. P.

3

> 10(e). The district court should forward that notice of appeal to this court as provided by Fed. R. App. P. 3(d) for docketing as a new appeal.

*Id.* at 2-3. Therefore, the Court reviews its August 3, 2009 Order in deciding whether a certificate of appealability should issue.

## III. STANDARD OF REVIEW

A "prisoner seeking post-conviction relief under 28 U.S.C. §2254 has no automatic right to appeal a district court's denial or dismissal of the petition." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Instead, the petitioner must first seek and obtain a certificate of appealability. *Id.* A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

## IV. APPLICABLE LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel

Gustafson alleged that he was deprived of effective assistance of counsel when his trial attorney failed to: (1) move to suppress a videotape from a Rothbury Wesco

4

store and testimony from two store employees; (2) conduct a proper investigation and hire a private investigator to present a proper defense; (3) move to quash and/or suppress identification by victim Sarah Sayers; (4) obtain letters written by Wendy Kriesel and use them to impeach her testimony at trial; (5) investigate Ms. Kriesel and Christopher Williams's criminal backgrounds to impeach them at trial; (6) call expert witnesses and obtain testimony from Gustafson's doctors; (7) move to dismiss due to the police's failure to preserve crucial evidence at the crime scene; and (8) offer an opening statement and object to prosecutorial misconduct.

### 1. Counsel's failure to move to suppress a videotape from a Rothbury Wesco store and testimony from two store employees

The state appellate court decided that counsel was not ineffective for failing to file a motion to suppress; such evidence was relevant, more probative than prejudicial, and properly admitted under Michigan law. *People v. Gustafson*, 2000 WL 33421437, *1 (Mich. Ct. App. May 5, 2000).

This Court decided that Gustafson failed to demonstrate that the ultimate state-court decision was contrary to, or an unreasonable application of, established Supreme Court precedent. Further, this Court held that federal habeas courts are precluded from reviewing state-court decisions on issues of state law.

However, in light of the fact that habeas courts can review state-court decisions, if the error in state procedure or evidentiary law renders the entire proceeding fundamentally unfair, and "federal courts may grant habeas relief in appropriate cases, regardless of the nature of the underlying attorney error," *Kimmelman v. Morrison*, 477

U.S. 365, 383 (1986), the Court believes reasonable jurists could debate the Court's assessment of Gustafson's claim that defense counsel was ineffective for failure to move for suppression of the videotape evidence and employee testimony.

A certificate of appealability will issue.

**2. Counsel's failure to (a) conduct a proper investigation and hire a private investigator to present a proper defense; (b) call expert witnesses and obtain testimony from Gustafson's doctors; (c) move to dismiss due to the police's failure to preserve crucial evidence at the crime scene; and (d) offer an opening statement and object to prosecutorial misconduct**

First, Gustafson's suggestion that a private investigator could have found material evidence is pure speculation; Gustafson does not indicate what evidence could be found, or how it would affect his case.

Second, Gustafson fails to substantiate his allegations that expert or physician testimony could provide additional evidence that was not presented at trial.

Third, Gustafson cannot argue that counsel should have sought to dismiss the case for failure to preserve crime scene evidence without first explaining what evidence should have been preserved, or how it would have been exculpatory. Here, the record shows there was no "crucial" evidence to preserve.

Finally, Gustafson does not provide evidence to suggest that his attorney's decision to forego an opening statement was unreasonable, or that prosecutorial misconduct occurred.

The Court finds reasonable jurists would not debate the Court's assessment of the claims. A certificate of appealability will not issue.

**3. Counsel's failure to move to quash and/or suppress**

**identification by victim Sarah Sayers**

The Court found that the identification procedure was not impermissibly suggestive. The Court added that even assuming trial counsel's performance fell below the objective standard of reasonableness in his failure to move for suppression of the identification, Gustafson was not prejudiced, and the error was harmless.

However, the Court believes reasonable jurists could debate the Court's decision. A certificate of appealability will issue.

**4.    Counsel's failure to (a) obtain letters written by Wendy Kriesel and use them to impeach her testimony at trial; and (b) investigate Ms. Kriesel and Christopher Williams's criminal backgrounds to impeach them at trial**

While the Court continues to believe that Gustafson is not entitled to a writ of habeas corpus for the reasons set forth in its Orders dated September 24, 2008 and August 3, 2009, the Court believes that Gustafson's ineffective assistance of trial counsel claims for his failure to cross-examine Ms. Kriesel about the content of potentially exonerating statements she made in two letters, and failure to investigate Ms. Kriesel and Mr. Williams's criminal backgrounds, may be debatable among jurists of reason. Accordingly, the Court finds Gustafson should not be denied the opportunity to seek appellate review.

A certificate of appealability will issue.

**B.    Sentencing Claim**

Gustafson claims he is entitled to habeas relief because the trial court imposed an improper sentence. Gustafson says his sentence was mis-scored, is disproportionate, and is illegal because offense variable two, which should have been

scored at 0, was erroneously inflated to a score of 25.

Unless Gustafson can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law, his claim arising out of a state trial court's sentencing decision is not cognizable upon habeas review, as it is a state-law issue. *See Lucey v. Lavigne*, 185 F.Supp.2d 741, 745 (E.D. Mich. 2001).

Gustafson failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), and reasonable jurists would not find the Court's assessment of Gustafson's sentencing claims debatable or wrong. *Slack*, 529 U.S. at 484.

A certificate of appealability will not issue.

**C.    Insufficient Evidence**

Gustafson next asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his armed robbery conviction.

The following evidence was introduced to the jury: (1) Ms. Sayers identified Gustafson as the robber; (2) Mr. Williams testified that he was in the get-a-way car, that Gustafson was wearing a mask when he left The Concession Stand, and that Gustafson not only gave him $200.00 from the proceeds of the robbery, but admitted to Mr. Williams that he "robbed the place"; and (3) Ms. Kriesel testified that she was driving the get-a-way car, transported Gustafson from The Concession Stand directly after the robbery, and saw Gustafson with a gun and wearing a mask.

Under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Court finds this is sufficient evidence to establish that Gustafson committed the robbery. Gustafson has not made a substantial showing of the denial of a constitutional right. A

8

certificate of appealability will not issue.

**D.    Prosecutorial Misconduct**

Gustafson argues that the prosecutor engaged in misconduct by: (1) improperly vouching for his key witness; (2) knowingly using perjured testimony; (3) appealing to the sympathy of the jury; and (4) allowing Mr. Williams and Ms. Kriesel to falsely testify that they were not expecting leniency in exchange for their testimony against Gustafson.

A certificate of appealability is not warranted based on alleged prosecutorial misconduct; the prosecutor's comments had at least some support form the evidence and the record.  *See Myers v. Mahaffey*, 41 Fed.Appx. 217, 220 (10th Cir. 2002).

**E.    Sequestration**

Gustafson claims the investigating officers, Robert Wilson (Chief of Police for the Village of Shelby) and Dennis Wilson (Detective with the Oceana Sheriff's Department) should have been sequestered to avoid tainting their testimony by listening to testimony from other law enforcement officials.

Defense counsel made a request to the trial court for sequestration, but the court stated "in light of the fact in discussing this case with you, it sounds like a critical issue is really identification of who went into the store that day, and I doubt these officers really have anything that they would testify to regarding that issue."  Tr. dated 9/10/98 at 99. With that, the officers were permitted to remain in the courtroom and assist the prosecutor.  *Id.* at 100.

While sequestration of witnesses "is a long-established and well-recognized measure designed to increase the likelihood that testimony will be candid," it is not

required by the Due Process Clause. *Bell v. Duckworth*, 861 F.2d 169, 170 (7th Cir. 1988). Therefore, a trial court's failure to sequester witnesses does not amount to the deprivation of a constitutional right, and cannot form the basis of federal habeas relief. *Mathis v. Wainwright*, 351 F.2d 489, 489 (5th Cir. 1965); *Rock v. Zimmerman*, 543 F.Supp. 179, 183 n.4 (M.D. Pa. 1982). In addition, the basis and circumstances surrounding Gustafson's sequestration claim do not demonstrate an egregious evidentiary ruling resulting in a denial of fundamental fairness. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Reasonable jurists could not debate the Court's decision to deny habeas relief; no certificate of appealability will issue.

### F. Cumulative Error

Gustafson claims he is entitled to habeas relief because of the cumulative effect of the alleged errors in the state courts.

It is well established that post-AEDPA habeas corpus relief is not available based on the "cumulative" effect of errors that would not individually support habeas relief. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Because Gustafson's individual claims lack merit, he cannot establish that habeas relief is warranted based upon a claim of cumulative error. *See Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006). The Sixth Circuit noted that the Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). A certificate of appealability will not issue.

### G. Actual Innocence

Gustafson maintains that he did not commit the armed robbery.

The Court finds Gustafon failed to meet the criteria for establishing actual innocence. He provided no new evidence in support of his claim that he did not commit the armed robbery, and merely renews attacks on the prosecution witnesses' credibility. This is insufficient to establish actual innocence. *In Re Byrd*, 269 F.2d 561, 577 (6th Cir. 2001). Moreover, a petitioner cannot establish actual innocence "merely by rehashing his actual innocence claims raised in the state courts" and relying on the evidence that was presented at trial. *See Lardie v. Birkett*, 221 F.Supp.2d 806, 808 (E.D. Mich. 2002). This is precisely what Gustafson has done. Therefore, he is not entitled to a certificate of appealability. *See e.g., Whitebird v. Snider*, 28 Fed.Appx. 783, 786 (10th Cir. 2001).

## V.   CONCLUSION

Gustafson's request for a certificate of appealability is **GRANTED IN PART AND DENIED IN PART**.

The Court concludes that reasonable jurists could debate the Court's assessment of whether Gustafson was deprived of effective assistance of counsel when his trial attorney failed to: (1) move to suppress a videotape from a Rothbury Wesco store and testimony from two store employees; (2) move to quash and/or suppress identification by victim Sarah Sayers; (3) obtain letters written by Wendy Kriesel and use them to impeach her testimony at trial; and (4) investigate Ms. Kriesel and Christopher Williams's criminal backgrounds to impeach them at trial.

The Court declines to issue a certificate of appealability on the remaining claims.

**IT IS ORDERED**.

|                     | S/Victoria A. Roberts            |
|                     | Victoria A. Roberts              |
|                     | United States District Judge     |

Dated: August 25, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 25, 2010.
>
> s/Carol A. Pinegar
> Deputy Clerk